# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GABRIEL SANCHEZ, | |
| Petitioner, | Case No. 15 C 2497 |
| v. | Judge Harry D. Leinenweber |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated herein, Petitioner Gabriel Sanchez's ("Sanchez") Motion to Vacate, Set Aside, or Correct Sentence [ECF No. 1] is denied.

## I. BACKGROUND

On November 9, 2011 Sanchez was charged in an indictment with one count of conspiring to possess with intent to distribute and to distribute 500 grams or more of cocaine (Count One), three counts of possession with intent to distribute 500 grams or more of cocaine (Counts Six, Ten, and Twelve), and three counts of unlawful use of a communication facility (Counts Two, Four, Seven, and Eleven). According to the underlying criminal complaint, law enforcement intercepted Sanchez's phone calls through court-authorized wiretaps and seized almost a kilogram of cocaine from Sanchez's vehicle.

On May 9, 2013, Sanchez pleaded guilty to Count One pursuant to a plea agreement. Sanchez acknowledged that the amount of narcotics involved in the conspiracy was "more than five but less than 15 kilograms of cocaine." Sanchez further admitted that he distributed at least ten kilograms of cocaine to the Government's confidential source on multiple occasions from 2006 to 2008. Sanchez and the Government agreed that the "safety valve" provision of the Sentencing Guidelines applied, which would allow the Court to impose a sentence without regard to the statutory mandatory minimum sentence of five years. Probation disagreed. According to the Presentence Investigation Report, Sanchez had participated in the conspiracy while under a criminal justice sentence for driving under the influence of alcohol. This resulted in a higher criminal history score and rendered Sanchez ineligible for the safety valve.

At sentencing on June 18, 2014, the Court resolved this issue, ruling that Sanchez had not participated in the conspiracy while under a criminal justice sentence and that the safety valve applied. Sanchez's Category I criminal history and offense level of 29 resulted in a Guidelines range of 87 to 108 months' imprisonment. Ultimately, the Court imposed a sentence of 47 months' imprisonment, 13 months below the mandatory minimum term and 40 months below the bottom of the Guidelines range.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the basis that the sentence was imposed in violation of the Constitution or laws of the United States. Relief under § 2255 is an "extraordinary remedy" because the petitioner "already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013).

## III. ANALYSIS

Sanchez raises three potential grounds for relief in support of his Motion: (1) whether he received adequate representation during plea negotiations, (2) whether he received adequate representation given the conspiracy charge in Count One, and (3) whether he received adequate representation regarding his right to appeal. Although Sanchez recites these issues once, he provides no further explanation or argument. More than half of Sanchez's memorandum is his "Argument for Consideration of Post-Sentencing Rehabilitation at Resentencing." Sanchez does note that he has taken several

courses during his imprisonment.  Though the Court encourages these efforts, they offer no basis for relief under § 2255.

To prevail on a claim for ineffective assistance of counsel, a petitioner must show that: "(1) counsel's performance was deficient, meaning it fell below an 'objective standard of reasonableness' informed by 'prevailing professional norms' and (2) counsel's deficient performance prejudiced the petitioner, meaning that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Smith v. Brown,* 764 F.3d 790, 795 (7th Cir. 2014) (quoting *Strickland v. Washington,* 466 U.S. 687–88 (1984)).  The Court's review of an attorney's performance is highly deferential, and a defendant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Koons v. United States,* 639 F.3d 348, 351 (7th Cir. 2011) (citation and internal quotations omitted).

Sanchez has failed to establish deficient performance or prejudice as to any of his three claims.  Regarding plea negotiations, Sanchez states that "Counsel's failure to argue the amount of drugs attributed to defendant's base calculation of the sentencing guidelines," (Sanchez Mem., ECF No. 1, at 3), but it is unclear what he believes his attorney should have argued or how Sanchez was prejudiced.  The Government notes that

by admitting his involvement in the additional 2006–2008 transactions, Sanchez benefitted in at least two respects. First, he received a reduction in his offense level based on acceptance of responsibility. Second "had [he] admitted only the transactions covered by the wiretaps, the government would have opposed the application of the safety-valve provision," resulting in a five-year mandatory minimum sentence. Sanchez's threadbare conclusion regarding inadequate representation during plea negotiations provides no basis for relief.

Sanchez's other claims fare no better. He does not explain how his counsel was ineffective with regard to the conspiracy charge, or how he was prejudiced by pleading guilty to this particular count. Nor has Sanchez explained how his counsel was ineffective in failing to appeal his conviction. Sanchez has not argued that there were any grounds for an appeal, or that his lawyer provided incorrect or misleading advice about pursuing one. Because Sanchez has failed to carry his burden under *Strickland*, his motion to vacate, set aside, or correct his sentence is denied. The Court likewise denies his unsupported request to lower his drug-quantity calculation by half under the Fair Sentencing Act.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, Sanchez's Motion to Vacate, Set Aside, or Correct his sentence [ECF No. 1] is denied. The

Court also declines to issue a certificate of appealability because Sanchez has not made a substantial showing of the denial of a constitutional right.  *See,* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                  _____
                                                  Harry D. Leinenweber, Judge
                                                  United States District Court

Dated:1/25/2016